UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OMER QURESHI,<br><br>                            Plaintiff,<br><br>     v.<br><br>AMWAY CORP.,<br><br>                            Defendant. | CASE NO. C21-0869JLR<br><br>ORDER GRANTING MOTION TO REMAND |

## I.     INTRODUCTION

Before the court is Plaintiff Omer Qureshi's motion to remand this matter to the King County Superior Court.  (Mot. (Dkt. # 13); *see also* Reply (Dkt. # 17).)  Defendant Amway Corp. ("Amway") opposes Mr. Qureshi's motion.  (Resp. (Dkt. # 15).)  The court has considered the motion, all submissions filed in support of and in opposition to the

//

//

//

ORDER - 1

motion, the relevant portions of the record, and the applicable law.  Being fully advised,[1] the court GRANTS Mr. Qureshi's motion to remand.

## II.   BACKGROUND

On December 18, 2020, Mr. Qureshi sent Amway a settlement demand letter (the "Demand Letter") in which he alleged that an Amway eSpring below-the-counter water purifier that he had installed in his home had leaked overnight and caused serious property damage.  (*See* Crysler Decl. (Dkt. # 16) ¶ 3, Ex. A ("Demand Letter") at 1.)  In that letter, Mr. Qureshi stated that the total cost of repairing the damage caused by the leak was approximately $44,180.98.  (*Id.* at 2-3.)  He asserted claims under the Washington Product Liability Act ("WPLA"), ch. 7.72 RCW, and the Washington Consumer Protection Act ("CPA"), ch. 19.86 RCW.  (*Id.* at 3-4.)  He alleged that if he were forced to file a lawsuit, the total damages he would seek totaled $84,180.98, which included restoration and repair costs of $44.180.98; "intrinsic value" damages of $10,000 to cover the loss of family photographs that were destroyed by the leak; and treble damages under the CPA totaling $30,000.  (*Id.* at 5-6.)  He did not include an estimate of attorney's fees in his summary of damages.  (*See id.*)  He offered to settle his claims for $50,000 if he did "not have to file a lawsuit to recover." (*Id.*)  Mr. Qureshi asserts that Amway "offered $0.00" in response to his Demand Letter.  (Reply at 3.)

Mr. Qureshi filed this lawsuit in King County Superior Court on or about June 1, 2021.  (*See* Compl. (Dkt. # 1-2) at 4.)  He alleged claims for violations of the WPLA and

---

[1] Neither party requests oral argument (*see* Mot., Resp.), and the court finds oral argument unnecessary to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

CPA and stated, in his request for relief, that he was seeking a monetary judgment sufficient to compensate him for the actual damages sustained; treble damages under the CPA; and reasonable costs and attorney's fees. (*Id.* at 3-4.) The complaint does not include a monetary demand. (*See generally id.*)

On June 28, 2021, Amway removed Mr. Qureshi's case to this court. (*See* Not. of Removal (Dkt. # 1).) Amway asserted that this court has jurisdiction over the case because the parties are citizens of different states[2] and because Mr. Qureshi had set forth damages of over $84,000 in his Demand Letter. (*See id.* ¶¶ 2-3, 5-7.)

On June 30, 2021, Mr. Qureshi notified Amway that he was reducing his settlement demand to $40,000. (*See* 2d DeLue Decl. (Dkt. # 18) ¶ 3, Ex. A.) He proposed that he would agree to "seek damages less than $75,000" if Amway would agree to stipulate to remand the matter to King County Superior Court. (*Id.*)

On July 21, 2021, Mr. Qureshi filed the instant motion to remand. (Mot.)

### III.   ANALYSIS

Below, the court sets forth the legal standards regarding removal jurisdiction and then considers Mr. Qureshi's motion to remand.

**A.   Legal Standard**

A civil action brought in a state court may be removed to a federal district court if the federal district court could have exercised original jurisdiction over the action. *See* 28 U.S.C. § 1441. In general, federal jurisdiction exists when a claim either (1) arises under

---

[2] Amway is a Virginia corporation with a principal place of business in Michigan. (Gray Decl. (Dkt. # 2) ¶ 3.) Mr. Qureshi is a resident of King County, Washington. (Compl. ¶ 1.)

the Constitution and laws of the United States, or (2) arises between citizens of different states and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332. Federal courts strictly construe the removal statute and must reject jurisdiction if there is any doubt as to the right of removal in the first instance. *See Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing defendant faces a "strong presumption" against removal and bears the burden of establishing, by a preponderance of the evidence, that removal was proper. *Gaus*, 980 F.2d at 567; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

There is no dispute that there is complete diversity of citizenship between the parties. (*See* Mot. at 2.) Thus, the only issue before the court is whether the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1).

Where, as here, the complaint is silent as to the amount in controversy, the defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). A notice of removal that merely asserts that the amount in controversy is satisfied, without setting forth the underlying facts to support the assertion, is insufficient to support removal. *Gaus*, 980 F.2d at 567. If the relevant factual information is later added to the record, however, "it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits." *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969). The amount in controversy is established at the time of removal and includes all sums to be paid by

1 the defendant, including general and specific damages, attorney's fees authorized by

2 contract or statute, and punitive damages. *Guglielmino*, 506 F.3d at 701; *Kroske v. U.S.*

3 *Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). "A settlement letter is relevant evidence

4 of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's

5 claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

6 **B.     Mr. Qureshi's Motion to Remand**

7 Mr. Qureshi argues that this matter must be remanded to the King County Superior

8 Court because Amway has not met its burden to prove by a preponderance of the

9 evidence that the amount in controversy exceeds $75,000. (Mot. at 2-3.) He asserts that

10 Amway cannot rely on the $84,180.98 demand in the Demand Letter to meet its burden

11 of proof and waives his right to seek damages in excess of $75,000. (*Id.* at 3; *see also*

12 Reply at 4 (quoting Mr. Qureshi's Initial Disclosures).) In response, Amway states that

13 Mr. Qureshi's post-removal declaration that he will seek less than $75,000 in damages is

14 unavailing because the amount in controversy is determined at the time of removal and

15 Mr. Qureshi's Demand Letter is evidence of the amount in controversy. (Resp. at 2, 4-6

16 (citing *Cohn*, 281 F.3d at 840).) Mr. Qureshi counters that the Demand Letter is not

17 proof of the amount that is actually in controversy in this matter because his demand for

18 treble[3] and intrinsic damages under the CPA was a "bold optimistic assertion" rather than

19 a "reasonable estimate" of his actual claim. (Reply at 2-5 (quoting *Surber v. Reliance*

---

[3] Mr. Qureshi also notes that his request for $30,000 in treble damages under the CPA was in error, because the CPA caps treble damages awards at $25,000. (Reply at 2 (citing RCW 19.86.090).)

ORDER - 5

*Nat'l Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) & *Cohn*, 281 F.3d at 840).) Thus, according to Mr. Qureshi, the amount actually in controversy is limited to the $44,180.98 cost to repair the damage allegedly caused by Amway's water purifier. (*See id.* at 3.)

The court agrees with Mr. Qureshi that Amway has not met its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. In *Cohn*, a trademark infringement case, the Ninth Circuit found that the plaintiff's settlement demand was sufficient to establish the amount in controversy because it explained why the plaintiff valued his trademark at $100,000, the plaintiff consistently held that his trademark was worth $100,000, and the plaintiff at no point disavowed this amount. *Cohn*, 281 F.3d at 840. Here, however, Mr. Qureshi, has disavowed his claims for intrinsic and treble damages. *See id.* ("Cohn could have argued that the demand letter was inflated and not an honest assessment of damages."); *see also Cayer v. Vons Cos.*, No. 2:16–cv–02387–GMN–NJK, 2017 WL 3115294, at *3-*4 (D. Nev. July 21, 2017) (remanding case and emphasizing that plaintiff disavowed his demand letter); *Keodalah v. Allstate Ins. Co.*, No. C15-1412RAJ, 2016 WL 4543200, at *4 (W.D. Wash. Mar. 25, 2016) (granting motion to remand where plaintiffs "expressly stated that their $500,000 settlement demand [was] not a 'reasonable estimate' of their damages"). Moreover, future attorney's fees (as opposed to fees already incurred) should not be considered when determining the amount in controversy. *See Kahlo v. Bank of Am., N.A.*, No. C12-0083RSM, 2012 WL 1067237, at *3 (W.D. Wash. Mar. 28, 2012) (rejecting inclusion of future attorney's fees in amount in controversy because such fees are

1  "entirely speculative and may be even be avoided").  Because the court must reject

2  jurisdiction if there is any doubt as to the right of removal in the first instance, *Gaus*, 980

3  F.2d at 566, the court GRANTS Mr. Qureshi's motion to remand.

4  **C.    Attorney's Fees**

5        Mr. Qureshi seeks an award of attorney's fees pursuant to 28 U.S.C. § 1447(c),

6  which provides that a court granting a motion to remand may order the removing

7  defendant to pay the plaintiff its "just costs and any actual expenses, including attorney

8  fees, incurred as a result of the removal."  28 U.S.C. § 1447(c); (*see* Mot. at 3-4).  The

9  standard for awarding fees when remanding a case to state court "'should turn on the

10 reasonableness of the removal.'"  *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062,

11 1065 (9th Cir. 2008) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)).

12 "'Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only

13 where the removing party lacked an objectively reasonable basis for seeking removal.'"

14 *Id.* (quoting *Martin*, 546 U.S. at 141).  Removal is not objectively unreasonable "solely

15 because the removing party's arguments lack merit, or else attorney's fees would always

16 be awarded whenever remand is granted."  *Id.*  Rather, the court must determine whether

17 the defendant's arguments supporting removal were "clearly foreclosed."  *Id.* at 1065-66.

18       Here, the court concludes that although Amway's arguments in favor of removal

19 were ultimately unsuccessful, they were by no means "clearly foreclosed."  *See id.*

20 Therefore, the court denies Mr. Qureshi's request for attorney's fees and costs.

21 //

22 //

ORDER - 7

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Mr. Qureshi's motion to remand (Dkt. # 15) and DENIES his request for attorney's fees and costs.

Dated this 24th day of August, 2021.

JAMES L. ROBART
United States District Judge